By the Court.
We can require no argument in support of this judgment.
When a person enters into the possession of lands under a deed it is a known presumption of law that his claim of title is limited to the premises described in his deed. This presumption is not "indeed jwris and dejurre. It may be repelled, but it can only be so by positive evidence that the person so entering claimed 'to be the owner of more than his deed embraced. There was not only no such evidence in this case, but it was clearly proved that the defendant, as to the strip of land now sought to be recovered, was a wilful trespasser.
It was not necessary that the question of adverse possession should have been submitted to the jury. There was no conflict of evidence, and where the facts are undisputed, adverse possession is purely a question of law. As such it was properly reserved and has been rightly determined.
As there was no adverse possession there is no pretence for saying that the deed from which the plaintiff derives his title was void when executed. In judgmenffof law the grantor was not out of possession.
The judgment is affirmed with costs.