WHITBECK vs. THE NEW YORK CENTRAL RAIL ROAD COMPANY.

In an action to recover damages for the destruction by fire, of fruit trees, through the negligence of the defendant, it is proper for the judge to instruct the jury that the plaintiff is entitled to recover the value of the trees, as they stood upon his land at the time of the fire, if he is entitled to recover at all; and to refuse to charge that the plaintiff can only recover the diminished value of the land since the destruction of the trees.

The true rule of damages is, that if the thing destroyed, although it is part of the realty, has a value which can be accurately measured and ascertained, without reference to the value of the soil on which it stands, or out of which it grows, the recovery must be for the value of the thing thus destroyed, and not for the difference in the value of the land before, and after, such destruction.

It makes no difference, in this respect, whether the action is brought to recover for the destruction of a single tree, or all the trees in an orchard.

There is no intrinsic difficulty in estimating the value of a fruit tree, growing upon land, although it has, strictly, no market or commercial value, as a tree, independent of the land which sustains it.

Such value can be determined by the opinions of competent witnesses, as well as in the case of trees which are usually converted into timber, or fire wood.

To authorize a witness to give his opinion as to the value of fruit trees, it is not necessary that he should actually have seen, or been familiarly acquainted with, the trees in question. It is enough that he is acquainted with the fruit business in that neighborhood, and the value of similar property there.

After hearing from other witnesses what kind of trees they were, and the quality and amount of fruit yielded by them, generally, he is competent to express an opinion in respect to the value of the trees.

APPEAL from a judgment entered at a special term, after a trial at the circuit. The action was brought to recover the damages sustained by the plaintiff by reason of the burning of his clover field and destroying his apple trees, in consequence of the carelessness and negligence of the defendant. It was proved that the fire originated at the track of the defendant's rail road in Pittsford, and was caused by the dropping of coals from the locomotive, upon the dry grass on the track. The plaintiff was examined as a witness, on his own behalf, and testified to the number and character of the fruit

Whitbeck *v.* New York Central Rail Road Company.

trees destroyed, and the quantity and value of the fruit produced by them the previous year, &c. After which, William H. Cook was sworn as a witness on the part of the plaintiff, and testified as follows: "I reside at Pittsford; I am a nurseryman; I am acquainted with the fruit business generally in this vicinity; I heard the testimony of the first witness in relation to the kind and quality of his apple trees hurt by this fire." Question. "What is the value of the trees?" Objected to by the counsel for the defendant, on the ground that the trees were part of the real estate, and because the witness had no personal knowledge of the trees. The objection was sustained and the plaintiff's counsel excepted. Subsequently this witness, on being recalled, testified as follows: "I presume I saw the orchard during its existence, but I have no recollection of it; I am acquainted with the land and the location; I think I am also acquainted with the value of land in that vicinity."

Question. Tell us what, in your opinion, these trees were worth upon that land? Objected to by the defendant's counsel. Question. What would be the value of these trees, set as early as 1838, grafted to the ordinary varieties of fruit, in that locality? Objected to by the defendant's counsel, on the ground that the trees were part of the real estate, and the true measure of damages, so far as the destruction of the trees was concerned, was the difference in value of the lot, as a whole, in which the trees grew, before and after the fire; and also because the witness had no knowledge in regard to these particular trees. The court overruled the objection, and the defendant's counsel excepted.

Answer. "It depends upon the kind; I should think about $20 per tree; the way I estimate property, generally, is, what per centage it will pay over and above expenses; and trees of the age described, with six years' heads upon them, would pay from year to year the interest of more than $20 a year; the fruit would be worth about 75 cents per barrel."

When the plaintiff rested, the defendant moved for a non-

suit, on the ground that no negligence on the part of the defendant had been shown. The motion was denied, and the defendant's counsel excepted.

The judge charged the jury, among other things, that in arriving at the value of the damage, they were to use their own judgment upon all the evidence, and assess the value of the property destroyed. The counsel for the defendant requested the court to charge as follows: That, as to the question of damages in regard to the trees, the true rule of damage is, how much less was that orchard lot worth after than before the fire. The court refused so to charge, and the counsel for the defendant excepted. The judge told the jury if the plaintiff was entitled to recover for the trees, he was entitled to their value, on that land, at the time they were destroyed, together with interest on such value from the time they were destroyed. To this the defendant's counsel excepted. The jury returned a verdict for the plaintiff for the sum of $650.

The defendant appealed.

*H. R. Selden,* for the appellant.

*W. C. Rowley,* for the respondent.

*By the Court,* JOHNSON, J. The only question in this case, of any importance, is in respect to the damages which the plaintiff was entitled to recover for the fruit trees destroyed by the fire. I am of the opinion that the judge at the circuit was clearly right in instructing the jury that the plaintiff was entitled to recover the value of the trees, as they stood upon his land, at the time of the fire, if he was entitled to recover at all. The object of an action of this kind is to obtain compensation for an actual loss; and this end is perfectly attained when the value of the thing destroyed is recovered by the owner. The defendant's counsel requested the judge to instruct the jury, that the plaintiff

could only recover the diminished value of the orchard lot, by reason of the destruction of the trees. This the judge refused, and I think rightly. It is true that the trees in question were real estate, and in one sense part and parcel of the land itself. But so are buildings, and fences, and grass, and trees of all kinds while growing upon the land. The true rule I conceive to be this: that if the thing destroyed, although it is part of the realty, has a value which can be accurately measured and ascertained, without reference to the value of the soil in which it stands, or out of which it grows, the recovery must be for the value of the thing thus destroyed, and not for the difference in the value of the land before and after such destruction. And it can make no difference, in this respect, whether the action is brought to recover for the destruction of a single tree, or all the trees in an orchard. There is no intrinsic difficulty, as I conceive, in estimating the value of a fruit tree growing upon land, although it has strictly no market or commercial value, as a tree, independent of the land which sustains it. In this respect, however, it does not differ materially from buildings and other fixtures. But it does differ from trees which are usually converted into timber, or fire wood, and which are frequently sold as they stand, for that purpose, or nursery trees which are grown for market. The difference is this: In the one case the value consists chiefly in the thing itself, as a convertible and marketable commodity, while in the other, the value consists chiefly in the quality and quantity of its average annual products, and it is capable of being leased, as much as a field or a dwelling. The calculation by which the value would be determined in the two cases would be somewhat different, but, for aught I can see, it could be determined by the opinion of competent witnesses in the one case as well as the other.

The objection to proving the value of the trees in question by the opinion of the witness Cook, was not, I think, well taken, if the witness was competent to give an opinion

upon the subject. It was objected, by the defendant's counsel, that the witness had no knowledge of these particular trees, and was therefore incompetent, even if opinion was competent evidence by which to establish value.

The witness was shown, I think, to be qualified to express an opinion on the subject. He lived in the same town, was a nurseryman, and well acquainted with the fruit business, and had heard the plaintiff testify in relation to the kind, quality and product of the trees, but had no particular recollection of the orchard, although he thought he had seen it. It was not necessary that he should actually have seen, or been familiarly acquainted with, the trees in question. It was enough that he was acquainted with the fruit business in that neighborhood, and the value of similar property there. He was, I think, as competent to express an opinion in respect to the value of the trees, after learning from other witnesses what kind of trees they were, and the quality and amount of fruit yielded by them generally, as he would have been to express an opinion as to the value of the fruit per barrel after ascertaining its condition and quality. The opinion, perhaps, would not be as satisfactory in the one case as the other, but if it was competent as evidence, that is enough.

I am of the opinion that there was no error either in the charge, or in the refusal to charge, as requested, or in the rulings upon the trial, and that the judgment should be affirmed.

[MONROE GENERAL TERM, June 2, 1862. *Johnson, Welles* and *Campbell,* Justices.]