JAMES ARGOTSINGER, Respondent, *v.* JOSEPH E. VINES et al., Appellants.

In an action of trespass on land, plaintiff proved a chain of title, beginning with a deed executed more than thirty years prior to the commencement of the action, to a farm of one hundred and twenty-two acres, of which one hundred acres were cultivated and twenty-two acres contiguous woodland ; the latter were not fenced or inclosed, but this, it appeared, was in accordance with the custom of the country. Plaintiff gave evidence to the effect that he and his predecessors in title had occupied continuously from the time of said conveyance, paying taxes on the entire farm, cutting from the whole woodland indiscriminately, wood and lumber for

fuel, fencing and repairing buildings on the farm, and cutting logs for lumber and for sale. The *locus in quo* was eleven acres of the woodland to which defendant claimed title under a grant from the State to W., executed in 1829, and a conveyance to his grantor from W. executed in 1877. Defendants proved that W., who died over forty years before the trial, lived on a farm contiguous to the eleven acres for a time, but moved therefrom to another farm three or four miles distant; there was no proof of possession or claim of ownership by him, or under his title until the trespass complained of. *Held,* that plaintiff established conclusively an adverse possession of the *locus in quo,* and that the trial court properly refused to submit the question to the jury.

Also, *held,* that plaintiff was not bound to resort to ejectment, or any other remedy to vindicate his rights, but that the evidence of actual possession was sufficient to maintain trespass.

The trespass complained of was the cutting and removing of timber. *Held* that evidence was properly received as to the value of the farm with the timber, and its value after it was cut; and that this difference furnished a proper measure of damages.

*Whitbeck* v. *N. Y. Cent. R. R. Co.,* (36 Barb. 644); *Cook* v. *Brockway,* (21 id. 331) distinguished.

In an action of trespass it is not necessary, in order to recover damages which necessarily and naturally result from the injury complained of, to specifically allege them in the complaint.

Defendants' answer set forth the conveyance to W., and alleged title and possession in him and his successors down to the time of the alleged trespass. *Held,* that the Code of Procedure (§ 153) did not require a reply.

(Argued September 28, 1880; decided October 12, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action of trespass. The complaint alleged the entry by defendants in December, 1877, upon the lands of plaintiff, the cutting down and carrying away of trees and timber, etc. The answer alleged in substance that one David Westervelt became the owner and possessor of the *locus in quo* in 1831, and that he and his successor in title and interest had owned and occupied the same since that time.

The facts appear sufficiently in the opinion.

*William McFarlan* for appellants. As defendants' answer set up ownership in fee simple and possession for over thirty

years, a reply was necessary before plaintiff could set up adverse possession. (Code, § 153; 8 Barb. 198; 4 Cow. 508, 511.) The statute requires forty years' adverse possession against the people or their grantees. (Code, §§ 75–76; 8 Barb. 189; 4 Cow. 508; 5 Seld. 291; 7 Wend. 125.) A deed given while land is held adversely is not void, but good against all the world except the person holding adversely, and passes the title. (36 Barb. 533; 9 Wend. 511; 2 Barb. Ch. 398; 3 Barb. 589; 6 Cow. 281; 2 id. 552.) If the possessor abandons the possession the grantee can enter and take the land. (2 Hill, 526.) He may renounce the benefit. (5 Hill, 273; 15 Barb. 497; 3 id. 589.) Plaintiff could have proceeded against defendant for forcible entry and detainer, or ejectment to recover the land. (19 Barb. 560; 14 Wend. 239; *Madine* v. *Courtner*, 71 N. Y. 380; *Miller* v. *L. G. R. R.*, 18 Barb. 494; 15 id. 485.) One cannot lay a foundation for an adverse possession by giving a deed of his neighbor's land, when he knows the land belongs to his neighbor, and that he is in possession of it; nor by any subsequent conveyance thereof will the title become a valid one. (71 N. Y. 380; 1 id. 528; 8 Barb. 190; 9 Wend. 516.) The true rule of damages is, the value, if the thing destroyed has a value which can be measured and ascertained without reference to the value of the soil; the recovery must be for the thing destroyed, and not for the difference in the value of the land before and after the destruction. ( *Whitbeck* v. *N. Y. C. R. R. Co.*, 36 Barb. 644 : *Cook* v. *Brockway*, 21 id. 331; Sedg. on Dam. 589, 590.)

*Andrew J. Nellis* for respondent. The facts proved constitute adverse possession of the *locus in quo.* The court properly declined to submit the question of adverse possession to the jury. (*Bowie* v. *Brahe*, 3 Duer, 35, 44.) The plaintiff's possession of the *locus in quo* was sufficient to maintain trespass against strangers, and the wrongful acts of defendants did not amount to an ouster. (*Machin* v. *Geortiner*, 14 Wend. 239; *Miller* v. *Long Island R. R. Co.*, 71 N. Y. 380.) Where there is an actual occupation of premises, an oral claim is suffi-

cient to sustain an adverse possession. (*Humbert* v. *Trinity Church*, 24 Wend. 587.) The deed to defendants of the *locus in quo* was absolutely void, plaintiff being in actual possession adversely to the grantor and to all the world at the time it was given. The value of the farm before the injury, and its value after were properly permitted to be shown; and plaintiff was entitled to recover the damages his farm sustained by reason of the trespass. (*Van Duesen* v. *Young*, 29 N. Y. 9, 36; *Esterbrook* v. *Erie R. R. Co.*, 51 Barb. 94; *Curtis* v. *Baugh*, 79 Ill. 242; *Jutte* v. *Hughes*, 67 N. Y. 267; *Vanderslice* v. *Newton*, 4 id. 132; *Bristol, etc., Co.* v. *Gridley*, 28 Conn. 201.) The deed from the State to the Clarks, excepting the *locus in quo*, as having been previously conveyed to Westervelt, under whom defendants claim, was properly excluded. (*Hornbeck* v. *Westbrook*, 9 Johns. 73; *Parsons* v. *Miller*, 15 Wend. 561; *Ives* v. *Van Auken*, 34 Barb. 566; *Bridges* v. *Piersons*, 1 Lans. 481.)

MILLER, J. The plaintiff upon the trial proved title to a farm of land consisting of one hundred and twenty-two acres, of which twenty-two acres were in woodland. The chain of title introduced in evidence commences in 1847. Plaintiff's father took a deed of the farm in 1855, and by descent and transfers from the widow and heirs-at-law of his father, the plaintiff acquired title. The woodland was contiguous to the cultivated land, and was not fenced or inclosed, which the testimony showed was in accordance with the custom of the country. The plaintiff also proved by several witnesses that the wood was cut from the twenty-two acres of woodland and used for fuel and fencing purposes, and that logs were taken off and sawed into boards, whenever required, every year since 1847, and appropriated for the benefit of the farm, and in connection therewith.

The defendants' title is derived from a grant from the State to one David Westervelt in 1829, and a conveyance from the heirs of Westervelt in June, 1877, nearly fifty years afterward, to one McFarlan, who conveyed to the defendants in December

following of the same year. It was proved by one of the children of Westervelt that he lived at one time on the farm to which defendants claimed the west eleven acres of woodland belonged, but he moved from there to a farm three or four miles distant, and after this to another farm four or five miles further off, some years before he died, and that he died from forty to forty-four years ago. He was never in possession of the eleven acres, and there is no proof of any possession, or any claim of ownership, by any one except the plaintiff and his grantors, until the defendants cut the wood from the eleven acres in December, 1877. It thus appears that for over thirty years the plaintiff and his grantors alone exercised acts of ownership and claimed title to the woodlot, and that for over forty years the defendants' grantors claimed no title to the same. Evidence was introduced by the defendants to show that the old stumps on the west eleven acres claimed by the defendants, with the exception of some which had been cut some five years prior to the trial, were mossed over; the stumps rotten, and that the second growth of timber was standing there when the defendants commenced cutting. This proof is not sufficient, we think, to present any serious question in opposition to the positive evidence of the plaintiff showing that from 1847 to 1855, when Howard, the grantor of Baltus P. Argotsinger, the father of the plaintiff, occupied and paid taxes on the entire farm, cutting and using timber for fuel, fencing and repairing buildings, and selling logs cut from the whole wood-lot indiscriminately, and that he never heard or knew of any other claim; that subsequently, up to the time when the defendants cut the wood, the entire lot has been used as the wood-lot every year, and that within five or six years prior to the alleged trespass hemlock timber was cut there by the plaintiff for sills for his barn.

These facts, in connection with the plaintiff's claim under deeds against a party out of possession for nearly fifty years, whose only claim is upon and under a deed of very recent date, are conclusive and controlling, and establish an adverse possession in law. The proof of marked trees on a line between the

east and west part of the wood-lot does not establish a claim in connection with the other evidence as against the plaintiff's strong and satisfactory proof of title and of adverse possession of the entire wood-lot. As the case stood, we think that the eleven acres claimed by defendants cannot be separated from the remainder; that the whole must be taken together, and that the plaintiff made out an actual adverse possession of the *locus in quo* under a claim of specific title, exclusive of any other right founded upon written instruments. (Old Code, §§ 82, 83, sub. 3, 4; New Code, §§ 369, 370, sub. 3.)

There was, we think, no such conflict in the evidence upon disputed facts as demanded a submission of the question of adverse possession to the jury, and the judge upon the trial properly refused to submit the same. (*Bowie* v. *Brahe*, 3 Duer, 35, 41.) For the same reason, the motion for a nonsuit was properly denied. Nor was the plaintiff bound to resort to ejectment, to vindicate his rights. Proof that the whole premises were used as a woodlot, for the purpose of fuel and fencing, is sufficient evidence of actual possession to maintain trespass. (*Machin* v. *Geortner*, 14 Wend. 239.) There was not only such evidence here, but a claim under a written instrument.

It is claimed that the court erred in holding that the rule of damages was the difference in the value of the farm with the timber on and its value after it was cut. An objection was made to the evidence upon the ground that it was incompetent under the pleadings, but it was not stated wherein the pleadings were defective in this respect. In an action to recover damages for an injury done to the inheritance, it is held that it is competent for a witness to give his opinion as to the value of the farm with the timber on and the value after it was taken off. (*Van Deusen* v. *Young*, 29 N. Y. 9, 36; see, also, *Easterbrook* v. *Erie Railway Co.*, 51 Barb. 94.)

The cases cited by the defendants' counsel are not in conflict with this rule, as will be seen by a reference to the same. In *Whitbeck* v. *N. Y. C. R. R. Co.* (36 Barb. 644), the action was brought to recover the value of fruit trees injured by fire,

and it was held that it was competent that when the thing destroyed, although part of the realty, has a value which can be accurately measured and ascertained without reference to the soil on which it stands or grows, the recovery must be for the value, and not for the difference in value of the land before and after the destruction. It is laid down that the case differs from one where trees are usually converted into timber or fire-wood, which are sold as they stand for that purpose, or nursery trees which are grown for market; and the difference is pointed out. It is not decided that where the land is injured by the destruction or the cutting of trees, that this may not be taken into consideration in determining the question of damages. It is not difficult to see that serious injury may result from the cutting of timber on a wood-lot to the whole farm, for which it is used to supply fuel, fencing and timber, and no sound reason exists why damages should not be recovered by reason of such destruction. *Cook* v. *Brockway* (21 Barb. 331) only decides that witnesses, except experts, are to state facts and not give opinions — a principle which is well settled and has no application in the case at bar.

We think that the proof objected to and received, and the rulings of the judge in regard to such damages, were not erro-neous, for the reason that the damages were such as would necessarily and naturally result or be incurred from the injury complained of. In such a case, it is not necessary that the damages should be specially averred in order to authorize a recovery. (*Jutte* v. *Hughes*, 67 N. Y. 267; *Vanderslice* v. *Newton*, 4 id. 132.)

In considering the question of damages, it may also be re-marked that the testimony shows that thirty or forty cords of wood were cut, worth $2 a cord, and forty or fifty logs, worth fifty to seventy-five cents each; and hence the amount of damages recovered was not beyond those sums. The differ-ence, if any, is so small that a new trial upon this ground would be of no benefit to the defendants, and the maxim " *de minimis non curat lex,*" applies. It follows that even if there was any error in the ruling referred to, it did not injure the

defendants, and hence is no ground for a new trial. No reply was required to the defendants' answer under section 153 of the old Code, which is relied upon. This provision relates only to a counter-claim or a case where the court, in its discretion, upon the application of the defendant, requires a reply to the answer. This is not such a case. But, aside from this, it may be added that no such question was raised upon the trial. The claim that the plaintiff held his title to the land under a durable lease, and the wood-lot in fee simple absolute is not sustained, as the proof shows that the plaintiff and his grantors for over twenty years have held and claimed the fee of the entire farm. It should also be ₐnoticed that no such point was made upon the trial.

No error appears to have been made in any of the rulings upon the trial, and the judgment should be affirmed.

All concur.

Judgment affirmed.