## Striegel v. Moore.

1. **Damages:** TRESPASS. In an action of trespass for digging and carrying away trees from the forest land of the plaintiff, where the entry was unintentional and made through mistake, the measure of damages is the value of the trees to the land before their removal.

*Appeal from Plymouth District Court.*

Thursday, December 9.

This is an action to recover damages for an alleged wrongful entry by defendant upon certain real estate, and willfully

digging up and carrying away certain growing trees, the property of the plaintiff. The defendant admitted that he dug up and removed the trees from the plaintiff's premises, but alleged that his entry was by mistake, wholly unintentional on his part. There was no dispute as to the number of trees taken, and the defendant pleaded a tender of the sum of thirty-four dollars.

There was a trial by jury—verdict and judgment for fifty-one dollars, and defendant appeals.

*Struble Brothers*, for appellant.

*Amos & McAllister*, for appellee.

ROTHROCK, J.—Numerous objections were made to the witnesses who were offered by the plaintiff to testify to the value of the trees, upon the ground that they did not show themselves to have the requisite knowledge of values of property of that kind. These objections, we think, were properly overruled. But the plaintiff, against the defendant's objection, was permitted by the court to prove the value of the trees after they were dug, and as they lay upon the ground ready to be removed and transplanted. It appears that the trees were growing in a natural forest, and were of proper size for transplanting. The evidence introduced was an incorrect measure of damages. The court correctly instructed the jury that the actual damage was " the fair value of the trees to the land immediately before they were dug," and any damage done to the soil by their removal. By this it is meant that the measure of actual damages is the value of the trees to the land as they were before the defendant dug them up.

The court should have limited the testimony as to value to the rule of the instruction. If the defendant entered upon plaintiff's premises innocently and by mistake, the plaintiff is not entitled to recover in this form of action for any en-

*1. DAMAGES: trespass.*

hancement of the value of the trees consequent upon the defendant's labor in removing them.  *Chamberlan v. Collinson,* 45 Iowa, 429; *Clement v. Duffy,* 54 Iowa, 632.

REVERSED.