IRA DWIGHT, Respondent, *v.* THE ELMIRA, CORTLAND AND NORTHERN RAILROAD COMPANY, Appellant.

In actions to recover damages for injuries to real estate caused by the unlawful separation and removal of something therefrom, the courts recognize two elements of damage. 1. The value of the thing taken, after separation from the freehold, if it have any. 2. The damage to the realty, if any, occasioned by the removal.

Where plaintiff asserts his right to go beyond the value of the thing taken or destroyed, after severance from the freehold, so as to secure compensation for the damage done to his land, the measure of damages is the difference in value of the land before and after the injury.

In an action to recover damages for alleged negligence, resulting in setting on fire and destroying certain bearing fruit trees upon plaintiff's premises, plaintiff's witnesses were asked what the trees were worth at the time they were killed, and were permitted to answer under objection and exception. *Held,* error; that the evidence tended to show, not the value of the trees severed from the soil, but their value as bearing fruit trees connected with and dependent upon the soil; that this was not a proper measure of damages.

*Whitbeck* v. *N. Y. C. R. R. Co.* (36 Barb. 644), distinguished.

The distinction pointed out between this case and where forest trees fully grown or nursery trees are unlawfully severed from the soil and carried away, or where coal or minerals are removed therefrom.

(Argued February 2, 1892; decided March 15, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 29, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover damages for alleged negligence.

The facts, so far as material, are stated in the opinion.

*James Armstrong* for appellant. The referee adopted an erroneous rule as to the measure of damages. The rule as to the measure of damages when an injury is done to the inheritance is the difference in its value before and after the injury or trespass. (*Argotsinger* v. *Vines*, 82 N. Y. 308; *Van Deusen* v. *Young*, 29 id. 9; *Bevier* v. *D. & H. C. Co.*, 13 Hun, 254.)

*Raymond L. Smith* for respondent. The evidence of plaintiff as to value was proper and competent. ( *Whitbeck* v. *N. Y. C. R. R. Co.*, 36 Barb. 644; *Argotsinger* v. *Vines*, 82 N. Y. 308–314.) The old rule of requiring a witness to state two values, one before and the other after, in case of an injury to real estate, in order to measure the damage, is not sound. Especially when as applied to trees and timber lands, for in modern times the value of timber is measured by the stumpage, which is equivalent to stating the value of the trees irrespective of the soil. (36 Barb. 644; 66 id. 88; 13 Hun, 260; 52 id. 353.)

PARKER, J. The judgment awards to the plaintiff five hundred and three dollars for damages occasioned by the defendant's negligence, in setting on fire and destroying twenty-one apple trees, two cherry trees, and two and one-half tons of standing grass, and also injuring seven apple trees, the property of plaintiff.

The only question presented on this appeal, is whether the proper measure of damages was adopted on the trial.

A witness called by the plaintiff was asked: Q. What were those twenty-one trees worth at the time they were killed? Objection was made that the evidence did not tend to prove the proper measure of damages, but the objection was overruled and the answer was: A. "I should say they were worth fifty dollars apiece." Similar questions were propounded as to the other trees; a like objection interposed; the same ruling made; answers to the same effect, except as to value, given; and appropriate exceptions taken.

Testimony was also given, tending to prove that the land

burned over by the fire was depreciated in value thirty dollars per acre.

The only evidence offered by the plaintiff touching the question of damages, was of the character already alluded to.

Fruit trees like those which are the subject of this controversy, have little if any value after being detached from the soil, as the wood cannot be made use of for any practical purpose, but while connected with the land they have a producing capacity which adds to the value of the realty.

Necessarily the testimony adduced tended to show not the value of the trees, severed from the freehold, but their value as bearing trees, connected with and depending on the soil for the nourishment essential to the growth of fruit.

How much was the realty, of which the trees formed a part, damaged, was the result aimed at by the questions, and attempted to be secured by the answers.

Can the owner of an injured freehold, because the trees taken or destroyed happen to be fruit instead of timber trees, have his damages measured in that manner, is the question presented now for the first time in this court so far as we have observed.

The learned referee followed the decision in *Whitbeck* v. *N. Y. C. R. R.* (36 Barb. 644), in which the proposition is asserted that while fruit trees form a part of the land, the true rule is that if the thing destroyed has a value which can be accurately measured without reference to the value of the soil in which it stands, or out of which it grows, the recovery must be for the value of the thing destroyed, and not for the difference in the value of the land before and after such destruction. The court cited no authority for the conclusion reached, and our attention has not been called to any prior decision justifying its position. Nor has the *Whitbeck* case been approved in this court, although cited and distinguished in *Argotsinger* v. *Vines* (82 N. Y. 309). While the rule is undoubtedly as stated by the learned judge in the *Whitbeck* case, that a recovery may be had for the value of the thing destroyed, where it has a value which may be accurately meas-

ured without reference to the soil in which it stands, he apparently overlooked the fact that fruit trees do not have such a value and the rule was, therefore, as we think wrongly applied.

Cases are not wanting to illustrate a proper application of that rule. Where timber, forming part of a forest, is fully grown, the value of the trees taken or destroyed can be recovered.

In nearly all jurisdictions this is all that may be recovered, and the reason assigned for it is that the realty has not been damaged, because the trees having been brought to maturity, the owner is advantaged by their being cut and sold, to the end that the soil may again be put to productive uses. (Sutherland on Damages, vol. 3, p. 374; Sedgwick on Damages [8th ed.], vol. 3, p. 45; *Single* v. *Schneider*, 30 Wis. 570; *Webster* v. *Moe*, 35 id. 75; *Webber* v. *Quaw*, 46 id. 118; *Haseltine* v. *Mosher*, 51 id. 443; *Tuttle* v. *Wilson*, 52 id. 643; *W. W. Co.* v. *U. S.*, 106 U. S. 432; *Graessle* v. *Carpenter*, 70 Iowa, 166; *Ward* v. *Carson R. W. Co.*, 13 Nev. 44; *Tilden* v. *Johnson*, 52 Vt. 628; *Adams* v. *Blodgett*, 47 N. H. 219; *Cushing* v. *Longfellow*, 26 Me. 306.)

In this state it is settled that even where full-grown timber is cut or destroyed, the damage to the land may also be recovered, and in such cases the measure of damages is the difference in the value of the land before and after the cutting, or destruction complained of. (*Argotsinger* v. *Vines*, 82 N. Y. 308; *Van Deusen* v. *Young*, 29 id. 36; *Easterbrook* v. *Erie R. Co.*, 51 Barb. 94.)

The rule is also applicable to nursery trees grown for market, because they have a value for transplanting; the soil is not damaged by their removal, and their market value necessarily furnishes the true rule of damages. (Sedgwick on Damages [8th ed.], vol. 3, p. 48; *Birket* v. *Williams*, 30 Ill. App. 451.)

Coal furnishes another illustration of the rule making the value of the thing separated from the realty, although once a part of it, the measure of damages where it has a value after removal, and the land has sustained no injury because of it.

(Sedgwick on Damages [8th ed.], vol. 3, p. 48; Sutherland on Damages, vol. 3, p. 374; American & English Ency. of Law, vol. 5, p. 36, note 2; *Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass. 80; *Oak Ridge Coal Co.* v. *Rogers*, 108 Pa. State, 147–152; *Dougherty* v. *Chesnutt*, 86 Tenn. 1; *Coleman's Appeal*, 62 Penn. St. 252; *Ross* v. *Scott*, 15 Lea [Tenn.], 479–488; *Forsyth* v. *Wells*, 41 Pa. St. 291; *Chamberlain* v. *Collinson*, 45 Iowa, 429; *Morgan* v. *Powell*, 3 Adol. & Ellis [N. R.], 278; *Martin* v. *Porter*, 5 M. & W. 351.)

On the other hand, cases are not wanting where the value of the thing, detached from the soil, would not adequately compensate the owner for the wrong done, and in those cases a recovery is permitted, embracing all the injury resulting to the land.

This is the rule where growing timber is cut or destroyed. Because not yet fully developed, the owner of the freehold is deprived of the advantage which would accrue to him could the trees remain until fully matured. His damage, therefore, necessarily extends beyond the market value of the trees after separation from the soil, and the difference between the value of the land before and after the injury constitutes the compensation to which he is entitled. (*Longfellow* v. *Quimby*, 33 Me. 457; *Chipman* v. *Hibberd*, 6 Cal. 162; *Wallace* v. *Goodall*, 18 N. H. 439–456; *Hayes* v. *C. M. & S. P. R. Co.*, 45 Minn. 17–20.)

In *Wallace's* case (*supra*), the court said: "The value of young timber, like the value of growing crops, may be but little when separated from the soil. The land stripped of its trees may be valueless. The trees considered as timber may from their youth be valueless, and so the injury done to the plaintiff by the trespass would be but imperfectly compensated, unless he could receive a sum that would be equal to their value to him while standing upon the soil."

The same rule prevails as to shade trees, which, although fully developed, may add a further value to the freehold for ornamental purposes, or in furnishing shade for stock. (*Nixon* v. *Stillwell*, 52 Hun, 353, and cases cited *supra*.)

The current of authority is to the effect that fruit trees and ornamental, or growing trees, are subject to the same rule. (*Montgomery* v. *Locke*, 72 Cal. 75 ; *Mitchell* v. *Billingsley*, 17 Ala. 391–393; *Wallace* v. *Goodall*, 18 N. H. 439–456 ; Sedgwick on Damages [8th ed.], vol. 3, § 933.)

It is apparent from the authorities already cited, as well as those following, that in cases of injury to real estate the courts recognize two elements of damage.

1. The value of the tree or other thing taken, after separation from the freehold, if it have any.    2. The damage to the realty, if any, occasioned by the removal. (*Ensley* v. *Mayor*, etc., 2 Baxter [Tenn.], 144; *Striegel* v. *Moore*, 55 Iowa, 88 ; *Longfellow* v. *Quimby*, 33 Maine, 457 ; *Foote* v. *Merrill*, 54 N. H. 490.)

A party may be content to accept the market value of the thing taken, when he is also entitled to recover for the injury done to the freehold.   But if he asserts his right to go beyond the value of the thing taken, or destroyed after severance from the freehold, so as to secure compensation for the damage done to his land because of it, then the measure of damages is the difference in value of the land before and after the injury.

In this case the plaintiff was not satisfied with a recovery based on the value of the trees destroyed, after separation from the realty, of which they formed a part, as indeed he should not have been, as such value was little or nothing, so he sought to obtain the loss occasioned to the land by reason of the destruction of an orchard of fruit-bearing trees, which added largely to its productive value.

This was his right, but the measure of damages in such a case is, as we have observed the difference in value of the land, before and after the injury, and as this rule was not followed but rejected on the trial, and a method of proving damages adopted, not recognized nor permitted by the courts, the judgment should be reversed.

All concur, except BRADLEY, BROWN and LANDON, JJ., dissenting.

Judgment reversed.