ROSINA DIETZEL, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

**Trespass** — when construction of sewer is not a permanent invasion of land, damages for such invasion limited to those sustained up to commencement of action therefor.

The invasion of land by the construction of a sewer thereon is not necessarily permanent. The sewer may be removed and the land restored to its former condition. There is no presumption that the trespasser will persist in his wrongdoing in such a case, but, on the contrary, the plaintiff's damages are to be assessed on the assumption that he will right the wrong, and, therefore, they are limited to the injury which the plaintiff has sustained up to the time of the commencement of the action. (*Goldschmid* v. *Mayor*, *etc.*, *of N. Y.*, 14 App. Div. 135, criticised.)

*Dietzel* v. *City of New York*, 170 App. Div. 571, reversed.

(Argued April 28, 1916; decided May 12, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lamar Hardy*, Corporation Counsel (*Charles J. Nehrbas* and *Terence Farley* of counsel), for appellant. This being a common-law action for trespass, the plaintiff was not entitled to recover " the difference in the value of the property with and without the sewer." (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 198; *Pappenheim* v. *Met. El. Ry. Co.*, 128 N. Y. 436; *Tallman* v. *Met. El. Ry. Co.*, 121 N. Y. 119; *Rumsey* v. *N. Y., etc., R. Co.*, 133 N. Y. 79; *Stowers* v. *Gilbert*, 156 N. Y. 600; *Van Hoozier* v. *Hannibal, etc , R. Co.*, 70 Mo. 145; *Kansas City, etc., R. Co.* v. *Cook*, 57 Ark. 387; *Ottawa*,

*etc.*, *R. Co.* v. *Peterson*, 51 Kans. 234; *Gilbert* v. *Boak Fish Co.*, 88 Minn. 365; *Argotsinger* v. *Vines*, 82 N. Y. 309; *Dwight* v. *E., C. & N. R. Co.*, 132 N. Y. 199.)

*J. Homer Hildreth* and *F. W. Hottenroth* for respondent. The correct rule and measure of damage was applied. (*Matter of City of New York*, 214 N. Y. 387; *Goldschmid* v. *Mayor, etc.*, 14 App. Div. 135; *Isear* v. *Burstein*, 105 N. Y. 503; *Daggett* v. *City of Cohoes*, 7 N. Y. Supp. 882; 101 N. Y. 98; *Pappenheim* v. *Met. El. Ry. Co.*, 128 N. Y. 436; *Greene* v. *N. Y. C. & H. R. R. R. Co.*, 12 Abb. [N. C.] 124; *Wehle* v. *Butler*, 61 N. Y. 245; *Porter* v. *Met. El. Ry. Co.*, 120 N. Y. 284; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *King* v. *Mayor, etc.*, 102 N. Y. 171.)

WILLARD BARTLETT, Ch. J.  This is an action at common law to recover damages for a trespass committed by constructing a sewer upon the lands of the plaintiff. The trespass was established by uncontradicted proof upon the trial. The answer contained an averment to the effect that since the trespass the title to that portion of the land of the plaintiff occupied by the sewer had become vested in the city of New York through condemnation proceedings duly instituted and conducted according to law; but this averment was stricken out upon the motion of plaintiff's counsel, with the assent of counsel for the city. The only question presented by the appeal relates to the measure of damages.

The plaintiff was permitted, over the objection and exception of the defendant, to introduce opinion evidence as to the value of the plaintiff's property before and after the construction of the sewer. The learned trial judge also charged the jury that the measure of the plaintiff's damage would be the difference in the value of her property with and without the sewer, to which instruction the defendant duly excepted.

It is quite clear that the evidence was received and that the jury were thus instructed upon the assumption that the sewer was to remain as a permanent structure upon the plaintiff's land, the fee value of which would thus be permanently lessened thereby. This was an erroneous assumption in an action at common law where the character of the trespass is such that it need not be permanent. The invasion of land by the construction of a sewer thereon is not necessarily permanent. The sewer may be removed and the land restored to its former condition. There is no presumption that the trespasser will persist in his wrongdoing in such a case, but, on the contrary, the plaintiff's damages are to be assessed on the assumption that he will right the wrong, and, therefore, they are limited to the injury which the plaintiff has sustained up to the time of the commencement of the action. (*Uline. v. N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pappenheim* v. *Metropolitan El. Ry. Co.*, 128 N. Y. 436; *Stowers* v. *Gilbert*, 156 N. Y. 600.) A recovery on the basis of permanent damage is not permissible in a common-law action for a trespass upon land unless the injury is incapable of actual, physical repair and, therefore, in its nature and of necessity permanent. Such was the case of *Argotsinger* v. *Vines* (82 N. Y. 308), where the trespass consisted of the cutting and removal of timber; such was the case of *Dwight* v. *Elmira, Cortland & Northern R. R. Co.* (132 N. Y. 199), where the plaintiff's fruit trees were set on fire and destroyed; and similar in principle was the case of *Evans* v. *Keystone Gas Co.* (148 N. Y. 112), where shade trees were killed by the leakage of illuminating gas. In none of these cases was it possible, as it clearly was in the present case, to restore the property to its original condition.

Recognizing the law to be as we have stated it, the learned Appellate Division, nevertheless, upheld the measure of damages sanctioned by the trial court because, as it said: "It is not contended that the occupation is other-

wise than permanent." This assumption was evidently based upon the reference in the answer to the institution of condemnation proceedings by the city. The averment, however, having been stricken out at the instance of plaintiff's counsel, cannot be considered for any purpose. Indeed, it was improperly pleaded in such an action as this, condemnation having been sought only after the suit was commenced. Whatever loss the plaintiff will suffer by reason of the permanent presence of the sewer will be made good to her in that proceeding, if we assume it to have been instituted, notwithstanding the elimination of all reference thereto in this record. In the present action her damages must be measured by the rule in the *Uline Case (supra)*.

In the discussion of the authorities bearing upon the question under consideration, the Appellate Division refers with approval to *Goldschmid* v. *Mayor, etc., of N. Y.* (14 App. Div. 135), where the trespass consisted of an invading retaining wall erected by the city in front of the plaintiff's property where it abutted upon the street, and the court held that the correct measure of damages was the depreciation in the value of the property, because the encroachment was practically permanent. We are unable to see why the wall was not capable of removal and doubt the correctness of the decision.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment reversed, etc.