THOMAS W. WEST et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31647.)

Court of Claims, March 26, 1954.

*George J. Shinnick* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Lawrence H. Wagner* of counsel), for defendant.

RYAN, J. The State of New York by notice served November 16, 1951, appropriated from the claimants, out of lands owned by them and situated in the Town of Henrietta, Monroe County, two parcels for the Ontario Thruway. A claim for the value of the lands appropriated and for consequential damages therefrom was filed by the claimants December 18, 1952. That pleading itemizes claimants' alleged damages in seven particulars.

By formal motion claimants have applied for an order amending it by adding four more particulars, numbered respectively 8 to 11. After oral argument, the court granted the amendment with respect to Proposals 9 and 11 and reserved decision with respect to Proposals 8 and 10. These read as follows:

" Particular No. 8. Approximately seven acres heretofore cultivated, damaged by drainage water to the end that the same is useless for cultivation at any time and capable of being used as pasture only in dry years, at $300.00 per acre....$2,100.00."

" Particular No. 10. 8 acres of timber and brush land flooded and damaged by drainage water at $100.00 per acre..$800.00."

There is a similarity between the above-quoted proposed additions to the pleading and Particular No. 5 of the pleading as originally filed, which reads as follows: " 5. ½ acre ruined for farming purposes by drainage of water across the road at $400.00 per acre ................................$200.00."

However, this paragraph is not now under attack and we merely mention its existence because counsel on both sides have called our attention thereto. Its language is in no way determinative of the issue on this motion, although it may become important when the case comes to trial.

The basis of claimants' proposed Particular No. 8 is an affidavit which reads in part as follows: " During the spring and summer of 1953, after the original claim had been filed, it was noticed and ascertained that the State, through its representatives, built at least two culverts running under the thruway itself and at least one other culvert running under Pinnacle Road and leading on to portions of the claimants' property which had not been actually appropriated. As a result of the construction of these culverts, great quantities of water were caused and permitted to drain on to the claimants' land from adjacent properties to the end that at least seven additional acres of the claimants' farm which heretofore had been fully cultivated and was very productive was so damaged by the said drainage water as to make the same absolutely useless for cultivation of any kind and only useable, if it all, for pasture land in dry years."

The basis of claimants' proposed Particular No. 10 is another paragraph in the moving affidavit which reads as follows: " That in addition thereto since the original claim was filed on behalf of the claimants herein it has been ascertained that the drainage of water across the lot toward the rear of the claimants' premises has been and is now being flooded by the

aforesaid drainage water to the end that an additional 8 acres of timber and brush land has been flooded at an additional item of damage to the claimants in the sum of $100.00 per acre or the total sum of $800.00.''

Did the damages alleged in the proposed additional paragraphs of the pleading result from the use to which the appropriated property has been put by the State of New York? (*South Buffalo Ry. Co.* v. *Kirkover,* 176 N. Y. 301; *County of Erie* v. *Fridenberg,* 221 N. Y. 389; *Easton* v. *State of New York,* 271 N. Y. 507.) Or do the proposed amendments define a trespass, not permanent in its effect but capable of correction, and for which, if continued, recurrent damage claims must be filed according to the applicable Statute of Limitations? (*People ex rel. Williams* v. *Haines,* 49 N. Y. 587; *Matter of Cheesebrough,* 78 N. Y. 232; *Dietzel* v. *City of New York,* 218 N. Y. 270; *Thomann* v. *City of Rochester,* 256 N. Y. 165; *Mott* v. *Lewis,* 52 App. Div. 558; *Reese* v. *State of New York,* 190 Misc. 316; *La Rose* v. *State of New York,* 199 Misc. 317; *Simpson* v. *State of New York,* Claim No. 30137, Oct. 3, 1952.)

A reading of the proposed Particular No. 10 gives the impression that claimants intend to offer proof that the damage to eight acres of timber and brush land is of a permanent character and to contend that they are entitled to recover for the diminution in value of the land invoking the rule in *Hartshorn* v. *Chaddock* (135 N. Y. 116). See, also, *Easterbrook* v. *Erie Ry. Co.* (51 Barb. 94), and *Levine* v. *City of New York* (249 App. Div. 625). But a reading of proposed Particular No. 8, on the other hand, indicates that the trial may develop the fact the seven acres therein referred to may not have suffered permanently but are susceptible of being drained and made useful in certain seasons or in certain years. Thus separate and complete causes of action may arise from time to time. (*Meruk* v. *City of New York,* 223 N. Y. 271; *Cashin* v. *City of New Rochelle,* 256 N. Y. 190; *Petzold* v. *State of New York,* 202 Misc. 255.)

This review of the authorities discloses that it is not always easy to determine whether a claim is founded upon '' a consummated invasion '' of property, or upon '' intermittent and recurring injuries '', a perplexity sharply presented in *Bomptin Realty Co.* v. *City of New York* (276 App. Div. 1094). We believe that the averments in the moving affidavit herein point to acts in the nature of a continuing trespass. If they do, the Statute of Limitations to be applied is found in subdivision 3

of section 10 of the Court of Claims Act, not in subdivision 14 of section 347 of article XII-A of the Highway Law, as suggested by claimants' counsel. The limitation is ninety days from the accrual of the claim, not six months from the final acceptance of the improvement by the superintendent of public works. (*People ex rel. Janes* v. *Dickey,* 206 N. Y. 581; *Di Laura* v. *State of New York,* 169 Misc. 912; *La Rose* v. *State of New York, supra*; *Petzold* v. *State of New York, supra*; *Simpson* v. *State of New York, supra.*)

We have indicated our views. However, we deem it proper to follow the course of our former Presiding Judge in *Midolla* v. *State of New York* (46 N. Y. S. 2d 345), and let our decision await the event of trial. Accordingly we grant claimants' motion to amend their claim in the form presented and such an order may be entered. In the meantime, if the casting of waters upon claimants' unappropriated lands is resumed or continues, we expect that astute counsel will find ways and means sufficient to his ends.