MAYROSE M. WILLIAMS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2695.)

Court of Claims, September 10, 1954.

*Samuel J. Siegel* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Quentin E. Grant* of counsel), for defendant.

SYLVESTER, J. On this motion for leave to file a notice of claim, the moving papers aver various negligent acts of the State of New York in the construction of an entrance and exit to and from the Brooklyn-Queens Expressway, adjoining claimant's property at 176 Bayard Street, Brooklyn, N. Y. These acts are said to have occurred during the period from October, 1952, to March 1, 1954. It is alleged that, while demolishing adjoining properties, the State damaged and moved the tin flashing along claimant's roof; that its operations, including its pile-driving activities, were so negligently conducted as to cause the rear brick wall of claimant's building to become separated from the party wall which had theretofore existed between claimant's property at 176 Bayard Street and the property at 178 Bayard Street demolished by the State. It is claimed, further, that the east party wall, rear wall, inside wall and ceilings and the foundation walls were cracked, loosened or destroyed; that the basement wood floor was rotted by flood

damage; that lateral support was taken from the area adjoining claimant's parcel, with the result that the sidewalk sank and cracked; and that the party wall was negligently repaired by the State, causing cracks and damage to the wall and to the interior of claimant's building. All of the foregoing items of damage are described as having occurred during the progress of the State's work. And, though the alleged negligent acts are said to have terminated in March, 1954, claimant contends that the total damage is not yet ascertainable. No answering affidavit controverting these averments has been submitted.

A notice of intention was filed on April 30, 1954. Claimant seeks leave to file a notice of claim under subdivision 5 of section 10 of the Court of Claims Act, although suggesting that the several tortious acts of the State constituted a single cause of action and that her total damages were not fully ascertainable until February, 1954, a contention which would attribute timely filing to the notice of intention. Claimant is nevertheless uncertain that her position in this regard will be sustained and brings this application, though not as expeditiously as she might have been advised, so that, in any event, she may be afforded a trial of her entire claim. The State, in its brief, recognizes " the number and complexity of the facts involved in determining the nature, extent and duration of the property damage alleged in this proposed claim ". Whether it be deemed that the claim is founded upon an invasion of her realty, consummated within ninety days prior to the filing of the notice of intention, or upon intermittent and recurring injuries (*Bomptin Realty Co.* v. *City of New York,* 276 App. Div. 1094; *West* v. *State of New York,* 205 Misc. 492), would seem to be more adequately determinable upon a trial after presentation of the proof. The State has had an awareness of the facts from their inception, and had dealt with claimant and her counsel in respect to the subject matter and cannot make nor has it asserted any claim of prejudice because of any assumed delay in filing.

Claimant is therefore granted leave to file and serve her verified notice of claim within thirty days from the date of service of a copy of the order to be submitted hereon.