■ PAUL SIPOLD et al., Appellants, v. JOHN MUSKA et al., Respondents.— *Per Curiam*. Appeal from an order of the Supreme Court which set aside verdicts in favor of plaintiffs as excessive and directed a new trial of actions brought to recover damages to real property caused by defendants' excavations on their adjoining premises, with consequent withdrawal of lateral support from plaintiffs' lots. In each case the verdict was excessive to the extent that it exceeded the estimate of damages at which plaintiffs' expert arrived. The before-values to which defendants' expert testified were substantial but he

considered that no damage occurred in any of the cases. The record does not, in our view, sustain the contention that verdicts in the amount of the estimates of damage to which plaintiffs' expert testified would still have to be accounted excessive. The trial court properly excluded opinion evidence as to prospective damages from possible erosion in future. (*Dietzel* v. *City of New York*, 218 N. Y. 270, 272, and cases there cited; 13 N. Y. Jur., Damages, § 22.) Plaintiffs contend that the court erred in striking out their proof of costs of restoration; but such costs were far in excess of the damages proven by plaintiffs under the diminished value theory, and hence the error, if such could be found, was in no way prejudicial. Order modified, on the law and the facts, so as to provide that defendants' motion be granted to the extent that the verdicts be set aside as excessive and a new trial, to be confined to the issue of damages (CPLR 4404), ordered, with one bill of costs to defendants; unless, within 20 days after service of the order to be entered hereon, plaintiffs shall stipulate to the reduction of their respective verdicts to amounts as follows: Sipold $3,500, Barvainis $1,000, Carr $1,750, Smith $2,500, in which event the motion, as to those plaintiffs so stipulating, be denied, without costs; and, as so modified, affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.