## THE CITY OF CHICAGO

*v.*

## JOHN JONEY.

1. EMPLOYERS—*liability of, for acts of servants and contractors.* The city of Chicago, having contracted with parties for deepening the Illinois and Michigan canal under the supervision of its own engineer, and subject to his orders, is liable for damages caused by the negligence of its contractors. In such case, the doctrine of *respondeat superior* applies.

2. CORPORATION—*official acts.* Though the act required the assent of the board of trustees of the canal to the work proposed by the city of Chicago, no formal meeting of the board, in its corporate capacity, was necessary. The written or verbal assent, or mere acquiescence of its members, was sufficient to the purpose of charging the city with consequences growing out of possession.

APPEAL from the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. M. F. TULEY, I. N. STILES and JOHN LEWIS, for the appellant.

Mr. T. R. MORAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case against the city of Chicago, in which the defendant was found guilty and the damages assessed at fifteen hundred dollars, for which judgment was rendered.

The declaration charges that the defendant was lawfully engaged in the work of deepening the Summit division of the Illinois and Michigan Canal, and performed the work so negligently and unskillfully as to create obstructions of stone and earth in the canal; and while plaintiff was lawfully navigating the Summit division with his canal boat "Hiawatha," through the negligence of the defendant in causing such obstructions, the plaintiff's boat was injured and sunk, and he damaged to the extent of three thousand dollars.

Appellant admits the plaintiff was damaged in the manner alleged in the declaration, and to the extent found by the jury —fifteen hundred dollars—but denies the damage was occasioned by the negligence or default of the defendant. This is the only question in the case : Was the injury to plaintiff's boat caused by the negligence of appellant ?

Appellee places the liability of appellant on the act of the general assembly of this State, approved February 16, 1865, entitled "An act to provide for the completion of the Illinois and Michigan Canal upon the plan adopted by the State in 1836."

The preamble to this act discloses its object and purpose, which was for the special benefit of the city of Chicago by feeding the canal from Lake Michigan, and thereby producing a current of water strong enough to purify and cleanse the Chicago river. The first section of the act provides that, to secure the completion of the Summit division of the Illinois and Michigan Canal upon the original "deep cut" plan, with such modifications and changes of line, if necessary, as will most effectually secure the thorough cleansing or purification of the Chicago river, and facilitate the execution of the

work, the city of Chicago, through its constituted authorities, may at once enter into an arrangement with the board of trustees of said canal, with a view to the speedy accomplishment of the work.    Laws of 1865, sec. 1, page 83.

It is clear, the central object of this legislation was the benefit to accrue to the city of Chicago ; all else was subsidiary to that.   It was a Chicago enterprise, to be carried out if an arrangement could be made with the board of trustees of the canal, in whose care and control it had been placed by the act of 1843, and to hold and manage the same in the interest of those parties who had advanced to the State their money for the completion of the canal on the "shallow cut" plan, and who held the bonds of the State as evidences of indebtedness therefor.   It was necessary they should be consulted as holders of this security, and some satisfactory arrangement made with them before the canal could be entered upon.

The case turns on the question, was any valid arrangement made with this board ?    Appellant denies there was any such arrangement.

It appears that, soon after the passage of this act, the common council of the city of Chicago, on the 5th day of June, 1865, passed an ordinance entitled "An ordinance for cleansing the Chicago river," appropriating bonds therefor, and authorizing the board of public works to arrange for widening and deepening the canal.

On the 29th of August following, the board of public works of Chicago, at a meeting of the board, passed a resolution requesting the board of trustees to permit the city, through its board of public works, to deepen the canal between the Chicago river and Lockport, according to an indicated plan.

This request was met in a friendly spirit by the trustees individually, who separately, and a majority of them, out of the jurisdiction of this State, gave their assent, on the 4th day of September, 1865, to the proposed enlargement, upon certain conditions not material to the present inquiry.   This assent

25—60TH ILL.

386          CITY OF CHICAGO *v.* JONEY.          [Sept. T.,

Opinion of the Court.

was in writing, signed by the trustees, and spread upon the records of the board.

The question is, was this such an arrangement as justified or authorized the city to enter upon this work ?

Appellant insists, as the board of trustees were constituted by law a body corporate, they could not act individually, but only as a board at a legal sitting. This may be true in regard to many acts that board might be called upon to perform, but this was not one. The act cited does not require the board of trustees to hold a meeting in order that their consent might be expressed, but it simply requires an arrangement should be entered into with them by the city. A mere verbal assent on the part of the trustees would suffice. They are not complaining of any infringement on their rights. It is sufficient to show the city were not trespassers in entering upon the canal ; that they entered by the permission of those having the care and control of it. The act of the legislature gave the city full power to enter with the consent of the board of trustees. Even if it should be thought the separate signing of the assent by the individual members of the board was not sufficient, it might be replied, to obviate the charge, the city was a trespasser ; that the assent of the board might be implied from the character of the entry and the notorious object and purpose for which the entry was made, the board making no objection thereto, but acquiescing therein for several years. We are of opinion appellant had legal possession of the canal in virtue of the act cited, for the purposes contemplated by that act.

Consequent on the passage of this act and the assent so given, or "arrangement" so made with the board of trustees, the city entered into a contract on the 1st of September, 1868, with certain parties for deepening several sections of the Summit division, among which was section 21, where the injury happened to plaintiff's boat.

It is insisted by appellants, and it is their second point, that under this contract the contractors were not servants of the

city, but independent contractors, and alone liable for damage occasioned by the manner in which the work was done.

Were Fox, Howard and Walker independent contractors, and not the mere servants of the city?

Portions of the contract are found in the record, in which it appears the city retained a supervisory control over the work, and had power to dismiss any person employed by the contractors on the work, and the dismissions of the board of public works, who represented the city, were final and conclusive in every case that might arise under the contract. Here was dependence—serviency in the contractors, and for their negligence the doctrine of *respondeat superior* must apply. .

By the contract, the entire work was to be under the immediate direction and superintendence of the city, through the board of public works. The principle is well settled, when a contractor is under the direction and control of his employer, the employer is liable for the negligence of the contractor. Without multiplying the citation of authorities on this point, it is sufficient to refer to *Schwartz* v. *Gilmore*, 45 Ill. 456, and *Chi., St. Paul & Fond du Lac Railroad Co.* v. *McCarthy*, 20 ib. 385.

The proof shows that the canal was dredged at the point where the accident occurred, at the very time and in the manner that appellant directed it should be done.

That dredging was so negligently done as to form a reef of earth and stone, on which appellee's boat struck and was damaged.

The third point raised by appellant is, that the city, in this work, was acting as agent of the State in executing a public work for the public benefit, and can not, therefore, be liable in this action.

The facts stated in the preamble to the act of 1865, show conclusively that this enlargement of the canal was a suggestion of the city of Chicago, and recommended for the only purpose of cleansing their river, which had become, by reason of having no current, a nuisance. The act of 1865 bears on

its face the impress of benefit to Chicago, and nothing more. That was the moving cause, as we infer, for the passage of the act. The city was in no sense the agent of the State.

We think the finding and judgment right, and affirm the same.

*Judgment affirmed.*