GOLDSCHMID v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.  February 5, 1897.)

1. MUNICIPAL CORPORATIONS—DAMAGE BY PUBLIC IMPROVEMENTS—INDEPENDENT CONTRACTOR.

A city is liable to a property owner for the construction of a retaining wall on his land, and for damages by defects in the wall caused by the use of poor materials, though the work was done by a contractor, where the contract provided that the wall should be built where indicated by plans prepared by the city, and that all materials should be subject to the approval of the commissioner of public improvements, and it appears that the location of the wall was designated by the city engineer, and it was built under the supervision of his assistants.

2. SAME—INSTRUCTIONS.

It is not error to refuse to instruct that the fact that the city had an engineer supervising a street grading does not make it liable for the defective construction of a retaining wall of the street by the contractor, where the jury were instructed that the city was not liable for defects in the wall unless they resulted from imperfections in the specifications prepared by the city, and not from the contractor's failure to comply with the specifications.

3. SAME—ENCROACHMENT OF RETAINING WALL—ESTOPPEL OF PROPERTY OWNER.

A property owner is not estopped to claim damages for an encroachment on his land by a retaining wall merely because he failed to protest when the wall was built.

4. SAME—MEASURE OF DAMAGES TO LAND.

The measure of damages to property by the encroachment of a retaining wall of a permanent nature thereon is the difference between the value of the property before the wall was built and the value thereafter, not merely the value of the land covered by the wall.

5. SAME—LOSS OF RENTS.

One whose tenants have left because of the encroachment of a defective and dangerous retaining wall on his property is entitled to recover his loss of rents as part of the damage by the encroachment.

Appeal from trial term, New York county.

Action by Otto Goldschmid against the mayor, aldermen, and commonalty of the city of New York and Peter Handibode, Jr., From a judgment entered on a verdict in favor of plaintiff against defendant the mayor, etc., and from an order denying a motion for a new trial, said defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Chase Mellen, for appellant.

Henry A. Gumbleton, for respondent.

RUMSEY, J.  In the year 1892, the plaintiff was the owner and in the possession of a lot of land situated on 184th street, near the point where that street intersects Bainbridge avenue.   It became

necessary to fix the grade of the street in front of the plaintiff's premises, and it was established at a height of about 22 feet above the surface of the ground along the front of the plaintiff's lot. The city undertook, through a contractor, to fill in the street, and for that purpose caused to be erected a retaining wall along the whole front to the necessary height. The wall was located by the engineers in the employ of the city, and was built by the contractor under the direction of the city officials. It was claimed by the plaintiff that this wall was actually built over the line of his premises, and that it was so badly constructed that, after the earth had been filled in behind it on the street, it bulged out, so that it projected over his lot for something over a foot, and that the stones were continually falling from the wall upon his land, so that it was unsafe to approach near to the wall, and in consequence he was practically deprived of the use of his premises for some considerable distance about the place where the wall stood. For these alleged wrongs he brought this action against the city, joining as a defendant, also, the contractor who did the work.

Upon the trial of the action the jury found a verdict in favor of the contractor, but against the city, for about $800 damages. Upon this verdict a judgment was entered, and the defendant, by this appeal, seeks to set aside that judgment. No claim was made by the plaintiff that he was entitled to any damages because of the change of the grade of the street in front of his house. On the contrary, any claim for damages for depreciation in the value of his lot because of the change of grade was eliminated in the testimony of the witnesses, and the jury were carefully instructed by the trial judge that, if the damages to the plaintiff's lot were caused by the change in the grade of the street, or so far as they were caused by such change, the plaintiff was not entitled to recover. The right to a recovery was claimed by the plaintiff, and was ruled by the trial judge, to arise entirely from the fact that the wall as built encroached upon the plaintiff's premises, and that the damage was caused solely by such an encroachment. There can be no doubt that the jury were fully instructed upon that subject, and it is not possible, under the charge, that any portion of the amount found by the jury as damages could arise from the mere fact of the depreciation in the value of the lot caused by the change in the grade of the street. The sole claim of the plaintiff was that the wall, as built, was actually located over the lot line, so that the bottom of it stood in part upon his land, and that the wall itself, as built, bulged over his land, so as to occupy some portion of it, and practically deprive him of the use of the land over which the wall projected. His claim was that the wall was thus located by the direction of the city officials, and that the bulging of it came about solely because of the manner in which it was built, and the poor materials which were put into it, and that the city was responsible for this because it practically had the control and direction of the manner and material of which the wall was built. Unless the plaintiff was right in that contention, it is clear that, upon the law, he was not entitled to recover.

Whenever a municipal corporation employs an independent contractor to do work which is proper in itself, and which does not necessarily result in damage to property adjoining the place where the work is done, it is not liable for damage which accrues because of the fact that the work was done in a negligent manner, or with improper materials. In such a case the rule is well settled that, to make the city liable, it must have retained, by its contract, the power to direct and control the manner of performing the work in which the carelessness occurred, and which caused the damage. Vogel v. Mayor, etc., 92 N. Y. 10, 18, per Earl, J.; City of Chicago v. Joney, 60 Ill. 383, 387; Charlock v. Freel, 125 N. Y. 357, 360, 26 N. E. 262; City of Cincinnati v. Stone, 5 Ohio St. 38; City of St. Paul v. Seitz, 3 Minn. 297 (Gil. 208). The liability in such a case arises from the fact that the control which the city retains the right to exercise gives to it the power to see that the work is properly performed, and that none but proper materials are used in it, and to that extent the contractor, although nominally an independent contractor, is in fact the servant of the city, and under its control, and therefore it is responsible for injuries done by him which it might have prevented, precisely as it would be for the same results caused by any other servant. This was the theory upon which the case was submitted to the jury by the learned judge, and the jury were instructed that the city was only liable if the line of the wall was incorrectly located by it, and directed to be built upon the plaintiff's property, or if the plans and specifications prepared by the city were so imperfect that it was apparent to those familiar with the building of walls that, when it was finished, it was likely to bulge or shift. This instruction as to the extent of the liability of the city was given at the request of its counsel, and it certainly cannot be objected to as being too broad. Upon the facts there was no doubt that the city did retain the right to specify the place where the wall should be built and the manner of its construction. It was expressly provided in the contract that the retaining walls should be built where they were indicated on the plan, or where they were directed by the engineer, and the manner in which the walls should be built was to be determined by the engineer. It was further agreed in the contract that, during all the time while the work was in progress, the materials used in it should be subject to the examination of the commissioner of street improvement, and should be immediately removed if not satisfactory to him. It was proved upon the trial, by the evidence of the witnesses produced on the part of the city, that an inspector was present all the time the work was going on, and that he gave directions as to the stone that was put in the wall. It was also proved, and not disputed, that the place where the wall was located was designated by the engineer employed by the city, and that the trench was dug and the wall was built precisely in the place where the city's engineers directed it to be done. If, therefore, there was any encroachment upon the plaintiff's premises, or the wall, when built, was not sufficient for the purpose for which it

43 N.Y.S.—29

was intended, it is quite clear that, under the rule above cited, the city could not escape liability. That the wall encroached upon the plaintiff's premises, either because it was set over the line, or because it bulged so far as to overhang the plaintiff's premises to a considerable extent, was proved beyond any question. The plaintiff testified that, when the trench was dug, a fence which had stood between his lot and the street was taken down, and the trench was dug several feet inside the line which the fence had occupied. But whether or not the fence had stood upon the correct line was not made to appear. It was testified, however, by another witness, a civil engineer, that the bottom of the wall stood some small distance upon the land of the plaintiff, and he reached this conclusion as the result of actual measurements made upon the ground. Several of the defendant's witnesses, who were engineers, testified that there was an encroachment of the wall upon the plaintiff's premises; but they did not say whether this encroachment was caused by the fact that the wall set over inside the plaintiff's line, or simply because of the bulge after it was built. But there was sufficient evidence to warrant the jury in finding that the wall did encroach to quite a considerable extent upon the plaintiff's premises.

The defendant complains that the court refused to charge the following request:

"The fact that the city had an inspector and engineer supervising the work of regulating the street does not make it liable for defective construction of the wall, if defectively constructed by the contractor who built the wall."

It is quite true that, as an abstract proposition of law, this request was correct; but we do not think that any injury resulted to the city from the refusal to charge it, because the court had already given to the jury the true theory upon which, alone, the city could be held liable. They had been told that the city was not liable unless it fixed an incorrect line for the wall, and directed it to be built upon the plaintiff's property, or unless the plans and specifications prepared by it for the erection of the retaining wall were so imperfect that it was apparent that, when built according to the plans and specifications, it was likely to bulge or shift. They were also told that, if the jury found that the sole cause of the trespass was the fact that the contractor did not build the wall in accordance with the specifications given him by the city, the jury could not find a verdict against the city. These rules stated the grounds of liability so plainly, as we think, that no injury resulted from the refusal to state the abstract proposition of law requested by the counsel for the city, although, considered as a proposition of law, it was undoubtedly correct.

The court was requested to charge that, if the jury finds that the city or the contractor did build the wall on the plaintiff's land, it cannot find a verdict for the plaintiff, unless it also finds that the plaintiff protested against the encroachment at the time. We are unable to conceive of any principle upon which such a charge as that could have been based. It is nowhere pretended that the

plaintiff was consulted by anybody as to where this wall should be located. The facts are undisputed that the engineers for the city went upon the ground, located the line, and directed the contractor where to put the wall. That the plaintiff knew that they were putting it where it was is doubtless true, but that he was aware that the place where it was put was upon his premises, or that he knew the exact location of his line, is not shown. Nor would it be a matter of any importance if it were. If one undertakes to make an improvement upon his own property adjoining the land of another, he is bound, at his peril, to keep upon his own land, and, if he builds over his own line, and upon the premises of his neighbor, in the absence of some affirmative act by the neighbor which misled him into an erroneous location of his building, he is not at liberty to insist that his neighbor has lost his property because he himself has taken possession of it. An estoppel can only arise, in such a case as that, where there has been some affirmative act on the part of the person sought to be estopped, or, at least, such acquiescence after full knowledge of his rights, as would make it practically fraudulent on his part to assert those rights against the encroaching party. Nothing of that kind appears in this case.

It is claimed by the defendant that the damages were excessive. There was no exception to the measure of damages as stated to the jury by the judge in his charge, and that rule was undoubtedly the correct one. Where one has trespassed upon the lands of another, and the encroachment is practically a permanent one, as is the case here, the rule of damages is the difference between the value of the property before the trespass was committed, and afterwards (Argotsinger v. Vines, 82 N. Y. 308); or, as it has been otherwise expressed, "the measure of damages is the depreciation in the value of the property" (Suth. Dam. § 1018). It seems to be conceived by the defendant that it is only liable here for the actual value of the property taken, and that that value is to be estimated by finding out how much the land of the plaintiff was worth a square foot, and charging the defendant with the number of square feet taken at that rate. But it is quite clear that this is entirely erroneous. The depreciation to a city lot by an encroachment upon it is not necessarily to be measured in that way. It depends entirely upon other considerations. If one builds a wall upon his neighbor's land, along the side or rear of it, it may be that the damages in that case would be largely measured by the amount of land taken, although other considerations would undoubtedly enter into the damages in such a case as that. But, where the encroachment is along the front of the lot, it is easy to conceive that an entirely different mode of reaching the damages must be arrived at. The injury to the plaintiff's premises, in such a case, does not depend upon the amount of the land taken, but upon the value of the land which is left, and that, as may easily be seen, is to be governed, not only by the situation and location of the land that is left, but by the place where the encroachment is made. If a man should

put a column in the middle of his neighbor's city lot, the damage would be much more serious than it would be if the same erection were put in the corner of the back end of the lot; and nobody would say that in either case the trespasser was to be charged simply with the value of the square foot of land which he had taken possession of.

In this case, also, it was made to appear that the plaintiff lost his tenants, and was unable to let the house, by reason of the location of the wall, and the fact that the stones were continually dropping from it; and, that being the case, he is entitled to recover, not only for the depreciation in the value of his land, but also the actual loss of his rents. Lacour v. Mayor, etc., 3 Duer, 406; Suth. Dam. § 1028. The evidence of the witnesses shows that the depreciation in the value of the lot was considerably more than the amount which the jury gave for all the damages which the plaintiff had sustained, and, even if the damages had been larger, there would have been no ground for setting aside the verdict as excessive.

We are not able to see any reason why this judgment should be set aside, and therefore the judgment and order must be affirmed, with costs to the plaintiff. All concur.