Liebold v. Green.

## Michael Liebold v. O. B. Green.

1. LIMITATIONS—*The Statute Can Not be Pleaded to Additional Counts Stating Same Cause of Action.*—Liability for torts is joint and several, and the discontinuance of a suit as to one defendant, and the filing of additional counts against the remaining defendant, is not the presentation of a new cause of action, however much the story of the circumstances of the alleged tort may vary, and a plea of the statute of limitations, as to such counts, can not be sustained where the original declaration was filed in proper time.

2. PARTNERSHIP — *Persons Taking Steps to Form Corporation.*— Persons who, after taking steps to form a corporation, fail to complete the organization thereof, but proceed with the business for which the corporation was proposed to be organized, are partners, and are liable as such.

3. SAME—*Liability of Partners.*—Each partner is liable individually for all torts committed in the course of the partnership business, and may be sued alone, or with part or all of the other partners.

4. SURPLUSAGE — *Need Not be Proved—Defined.*— Surplusage in a declaration need not be proved; and whatever may be stricken out without destroying the right of action is surplusage.

5. NEGLIGENCE—*Liability of Person Inviting Another into Danger.*—
If one invite another into danger, of which the former ought to be aware,
and of which the latter is ignorant and is under no obligation to inquire,
and injury follows, the one giving the invitation is liable.

6. PLEADING—*When Connection of Party Charged with Liability,
with Others as Partners, Need Not be Pleaded.*—In pleadings charging a
party with liability either *ex contractu* or *ex delicto*, it is not necessary
to allude to any connection or association he may have had with any
body as a partner, unless in some action between themselves.    Whether
the liability charged grows out of a personal act, or the act of an-
other, which in law is the act of the defendant, is usually a matter
of evidence, and need not be noticed in pleading.

**Trespass on the Case,** for personal injuries.    Error to the Circuit
Court of Cook County; the Hon. ABNER SMITH, Judge, presiding.    Heard
in this court at the March term, 1897.    Reversed and remanded.
Opinion filed March 15, 1897.

JAMES C. McSHANE, attorney for plaintiff in error.

DAVID FALES, attorney for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
May 6, 1892, in the Circuit Court, the appellant filed a
declaration as follows :

"For that whereas, the plaintiff, heretofore, on the 16th
day of December, A. D. 1891, was in the employ of Isaac
S. McGowan, one of the defendants who had contracted to
move the house of the other defendant, O. B. Green, and
being so employed it was the duty of the said defendants
to afford him proper means and conveniences to safely pur-
sue his employment, and not to subject him to risks not
necessarily incident to the business; yet the defendants, not
regarding their duty in this behalf, did negligently direct
him on, to wit, the 16th day of December, A. D. 1891, at,
to wit, the corner of Franklin and Harrison streets in the
city of Chicago and county and State aforesaid, to take and
haul upon an ordinary dray wagon a foundation for a pile-
driver, together with an engine house, and remove the same
to another place.    And that the defendants assured him
that there was no danger of an injury in obeying their

Liebold v. Green.

instructions. That the plaintiff relying upon said assurances, and at the request of said defendants, and exercising due care and diligence, hauled and removed the said foundation for a pile-driver, and the said engine house upon the said wagon. That in hauling the same, and while in the exercise of due care at, to wit, the corner of Franklin and Van Buren streets, the plaintiff, by the breaking apart of the house, and while attempting to escape, was thrown to the ground, by means whereof the plaintiff was greatly cut, bruised and wounded, and his arm crushed, and he became sick, sore and disordered, and so remained for a long space of time, to wit, from thence hitherto, during all of which time he, the plaintiff, has thereby suffered great pain, and has been prevented from attending to and transacting his affairs and business, and has also by means of the premises been obliged to lay out large sums of money, to wit, four hundred dollars, in and about endeavoring to be healed of the said wounds, sickness and disorder. And that the aforesaid injury will, he believes, deprive him permanently of the use of one of his arms, to the damage of ten thousand dollars, and therefore he brings his suit," etc.

Thereafter he discontinued the suit as to McGowan, and more than two years after the injury of which he complained, filed additional counts, of which the following is a sample:

"For that, whereas, the plaintiff alleges that prior to and on, to wit, the 16th day of December, 1891, the defendant, O. B. Green, and others as copartners, doing business under the name of Green's Dredging Company, was possessed of a pile-driver and an engine house attached to the same, which they desired to move from the vicinity of Harrison street and the Chicago river, to the vicinity of Plymouth Place and 12th street in the city of Chicago. And the plaintiff further alleges that one Isaac S. McGowan was at the time and place aforesaid in the heavy teaming business, and the plaintiff was then and there a teamster in the employ of the said McGowan, and as such teamster earned a large sum of money, to wit, twelve dollars per week.

And the plaintiff further alleges that the defendant, Green, and his copartners, under the name and style aforesaid, contracted with the said McGowan for the said McGowan to furnish a wagon, horses and a teamster to move the said pile-driver and engine house attached to the same, and that they, the said Green and his copartners, were to load and unload said pile-driver and engine house on and off of said wagon; and the plaintiff alleges that the said McGowan, in pursuance of said contract, then and there ordered and directed the plaintiff to take certain of his, the said McGowan's, horses and a certain wagon, and under the direction of said Green and his copartners, through their superintendent in that behalf, to haul said pile-driver and engine house to the said place to which it was to be moved as aforesaid.

And the plaintiff further alleges that he did undertake the said work as the teamster of the said McGowan, under the direction of the superintendent, a certain servant employed by and representing the said Green and his copartners in that behalf; and the plaintiff alleges that the said Green and his copartners, through their said servant and representative in charge of said work, loaded the foundation of the said pile-driver and said engine house attached to the same upon the said wagon for the purpose of being moved as aforesaid; and the plaintiff alleges that he had nothing to do with the loading of said foundation and engine house onto said wagon, and that by reason of the condition of the streets over which it was necessary to drive said wagon in moving said foundation of said pile-driver and engine house, and by reason of the old and dilapidated condition of the said engine house, the said engine house was likely to fall down while being so moved unless it should be properly braced and propped up, which fact was well known to the servant and representative of the said Green and his copartners in charge of the said work, or would have been known to him had he exercised proper care in that behalf, but which fact was unknown to the plaintiff.

The plaintiff further alleges that by reason thereof it

Liebold v. Green.

then and there became and was the duty of the said Green and his copartners, through their said servant and representative in that behalf, to cause said engine house to be so braced and propped that it would not fall down while being moved as aforesaid, but the plaintiff alleges that the defendant and his copartners through their said servant and representative, not regarding their said duty, wrongfully, negligently and improperly failed and neglected to cause said engine house to be so braced and propped as aforesaid, but through their said servant and representative, wrongfully, negligently and carelessly ordered and directed the plaintiff to get onto the said wagon and haul the said foundation and engine house in its then condition; and the plaintiff alleges that he did, in pursuance to the said order and direction of the said Green and his copartners, through their said servant and representative in that behalf, get onto said wagon and drive the same, and that while driving the same, and as a result of the failure upon the part of the said Green's and his copartner's said servant to brace and prop the said engine house as aforesaid, and while as plaintiff alleges, he, the plaintiff, was in the exercise of ordinary care and caution for his own safety, and while driving along Franklin street, in moving said foundation and engine house between the said points, the said engine house fell down, and the plaintiff was thereby knocked or fell from the said wagon, or jumped to keep said engine house from falling on him, and fell under one of the wheels of the said wagon," etc., stating injury as in the first count.

To these counts the appellee pleaded the statute of limitations, to which the Circuit Court rightly sustained a demurrer. The original count was for injury sustained by the negligence of the appellee and McGowan. Whether there was any cause of action against McGowan or not, we need not consider, as liability for torts being joint and several, the discontinuance as to him was without effect upon the right of the appellant to pursue the appellee. Such pursuit of him alone, for the same injury resulting from his negligence, either with or without concurring negligence of

McGowan, was not the presentation of a new cause of action against the appellant, but only a different version of the same transaction; however much the story as to the circumstances of the negligence might vary. Illinois Steel Co. v. Eylufeldt, 62 Ill. App. 552; affirmed in 165 Ill. 185; Ellison v. Georgia R. R., 87 Ga. 691.

The reference in the additional counts to "others as copartners" is mere surplusage.

Probably no case can be mentioned where, in pleadings governed by the common law, charging a defendant with liability either *ex contractu* or *ex delicto*, it is necessary to allude to any connection or association he may have had with anybody as a partner, unless in some action between themselves. Whether the liability charged grows out of a personal act, or the act of another, which in law is the act of the defendant, is usually a matter of evidence, not necessary to be noticed in pleading. 1 Ch. Pl. 207, Ed. 1828.

On the trial the appellant testified, and was not disputed, that he drove a team of four horses for McGowan, who sent him to report to a Mr. Dorr and do as he said; that under Dorr's directions the foundation of a pile-driver, with an engine house upon it, was loaded upon a wagon by men obeying the orders of Dorr; and the horses hitched to the wagon. It fairly appears that in driving four horses it was necessary for the appellant to be in the engine house, and that it shook so much while being hauled that the appellant, being afraid of it, got off from the wagon and asked Dorr if he had a man that could drive the leader team, and the appellant would drive the wheel team.

It is apparent that the purpose of the appellant was to walk instead of riding in the house.

Dorr told him: "You teamsters are always kicking; that building is perfectly safe; you go in there. It can't fall; there might be a board or so shake off."

The appellant obeyed; the building caved in; the appellant was covered up with boards and rolled out, and his arm broken under a wheel of the wagon.

The appellee owns most of the stock of "Green's Dredg-

ing Company," to incorporate which steps were begun but never completed, so that the parties interested in it are partners. Loverin v. McLaughlin, 161 Ill. 417.

As such each partner is individually liable for all torts committed in the course of the partnership business, and may be sued alone, or with part or all of the other partners. Wis. Cen. R. R. v. Ross, 142 Ill. 9.

Dorr is also a partner and superintendent of the company under control of the appellee.

The pile-driver and engine house belonged to the company which contracted with McGowan to haul the pile-driver, but upon what terms the case does not show, nor did the appellant attempt to prove the terms.   Surplusage in a declaration need not be proved; and whatever may be stricken out without destroying the right of action is surplusage.   1 Greenl. Ev., Sec. 51.

Everything in the declaration on the subject of the contract between Dorr and McGowan may be stricken out without touching the case of the appellant.

His right of action is because, under circumstances which made it the duty of the appellant to be governed by the directions of Dorr, he was injured as the result of obedience to orders which Dorr negligently gave.

Whether it was negligence in Dorr to give the orders— that is, whether in the exercise of such skill as the superintendent of the working of such a plant ought to possess, he carelessly exposed the appellant to peril which his ignorance did not permit him to appreciate, were questions for the jury.

The appellant might be afraid, and yet upon the assurance of one whom he believed to possess knowledge that he had not, his fears might be dispelled; and acting upon that state of mind his conduct might be without fault on his part.

If one invite another into danger of which the former ought to be aware, and of which the latter is ignorant, and is under no duty to inquire, and injury follows, responsibility follows.   Fisher v. Jansen, 30 Ill. App. 91; Elliott v. Hall, 15 Law Rep., Q. B. Div. 315.

Both counts herein copied allege care by the appellant, so

that what is copied in the brief of the appellee as to the necessity of such allegation, from page 368 of Calumet Iron and Steel Co. v. Martin, 115 Ill. 358, does not seem pertinent here. Nor can what is so copied be accepted as the law. It is only *dictum* there, and is opposed to the express decisions in Bass v. C., B. & Q. R. R., 28 Ill. 9, and Cox v. Brackett, 41 Ill. 222, in both of which cases the point was before the court and decided; in the first by necessary implication, and in the latter in express words.

There is a great waste of the English language in the declaration of the appellant, and still he is entitled to a trial by jury on the allegations therein which are material, though he should not prove those that are immaterial.

The peremptory instruction by the court to the jury to render a verdict for the appellee was error, and the judgment is reversed and the cause remanded.

MR. JUSTICE WATERMAN.

I am of the opinion that a question of fact for the jury was presented by the evidence that defendant assumed to superintend the moving and gave directions which plaintiff followed, and was, in consequence, injured. It did not appear beyond question that defendant had surrendered the task of moving the property to an independent contractor, over whom he exercised no control. Wharton on Negligence, Sec. 182; Schwartz v. Gilmore, 45 Ill. 455; Chicago v. Joney, 60 Ill. 383.

MR. PRESIDING JUSTICE SHEPARD, dissenting.

For the purposes of this opinion I assume that if the plaintiff, here and below, is entitled to recover, the defendant is responsible.

He was the principal owner in Green's Dredging Company, which, being unincorporated, was a partnership—Loverin v. McLaughlin, 161 Ill. 417—and each partner liable for all torts committed in the course of the partnership business—Wis. Cent. R. R. v. Ross, 142 Ill. 9—and George J. Dorr was also a partner and superintendent of the business of the company.

The plaintiff drove a team for Michael McGowan, with whom Dorr contracted to haul a pile-driver from one part of the city to another.

The foundation of the pile-driver, with an engine house attached, was loaded, under Dorr's direction, upon a wagon drawn by four horses.   The engine house was at the front, and the plaintiff stood inside it to drive.   On the road the house shook so much as to alarm the plaintiff, and he got out and asked Dorr if he had a man that could drive the leader team, and he, plaintiff, would drive the wheel team; that he was afraid of the building; to which Dorr replied that the building was perfectly safe and could not fall, and told the plaintiff to go in again.   He went in, and further on the house came to pieces and the plaintiff was seriously and permanently injured.

This suit is for negligence, on the theory that the plaintiff had no skill to enable him to determine whether the building was safe, and that Dorr had, or ought to have had such skill, did know, or ought to have known, that the plaintiff was in danger by being in the building while it was being hauled.

The plaintiff was not in the service of the defendant, was not bound to obey orders of Dorr.

No relations between these parties imposed any duty upon the defendant toward the plaintiff.   Had Dorr, knowing the danger, induced the plaintiff ignorantly to expose himself to it, a question might arise in a controversy between them which is not before us.

The judgment should be affirmed.