SCHUMACHER et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. CITIES—NEGLIGENCE—STREETS—SURFACE WATER—OBSTRUCTION—EVIDENCE.
Where a city permitted a piling of dirt in a gutter between a trench and a street curbing, thereby obstructing the flow of surface water in front of plaintiff's premises along the gutter to a sewer outlet, and during a storm accumulating waters forced their way through a wall into plaintiff's store, to the injury of his merchandise, the jury would be justified in finding that the contributing cause of the injury was the condition of the gutter, though it would be impossible to tell how much of the water would have found its way into the sewer if the gutter had not been obstructed.

2. SAME.
A city is liable for injury to merchandise in a cellar that was inundated by reason of the city's negligently permitting the obstruction of a gutter.

3. SAME—INDEPENDENT CONTRACTOR.
A city is liable for injuries caused by the negligent performance of work by one acting under a contract with it, where it reserves to itself the right to direct the manner of performance.

4. SAME.
A city issuing a permit to a company to lay tubes in its streets, but requiring them to be laid in such a way as not to interfere with surface connections with sewers, and under the supervision of city inspectors, is liable for injuries to property caused by the company's obstructing the flow of surface water into a sewer.

Action by Fred Schumacher and another against the city of New York. The complaint was dismissed, and plaintiffs move for a new trial on exceptions ordered to be heard in the first instance at the appellate division. Exceptions sustained, and new trial ordered.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Chas. E. Hughes, for the motion.
Theodore Connoly, opposed.

PATTERSON, J. This action was brought to recover damages for injuries to personal property under circumstances hereinafter stated. The complaint was dismissed at the trial on the ground that liability of the defendant was not shown, and the exceptions were ordered to be heard in the first instance at the appellate division. The plaintiffs, merchants, were the lessees and occupants of the basement and cellar of a building situate at the southwest corner of Fifteenth street and Fourth avenue in the city of New York. In the cellar there was stored a quantity of valuable merchandise, which, on the night of the 1st of November, 1897, was greatly damaged by water which pene-

trated into the cellar through a retaining wall. The cause of the damage and its extent are not disputed. Liability of the city only is involved. The water which injured the plaintiffs' merchandise was collected in a trench opened on Fourth avenue, extending along that avenue from Seventeenth street to a point beyond and north of the corner of Eighteenth street. The trench was dug by the Tubular Dispatch Company for the purpose of laying pneumatic tubes therein. That company had legislative authority to dig the trench, but the work was to be done in accordance with a general permit granted in July, 1897, by the commissioner of public works of the city of New York. By the terms of that permit, all the work was to be done under the immediate supervision of an inspector, to be appointed by the commissioner, and such an inspector was appointed. He had direction of the work at and prior to the time of the occurrence which forms the subject-matter of this action. Not only was a general permit granted, but early in October, 1897, the dispatch company received from the commissioner of public works a special permit to open Fourth avenue for a certain distance, which included the frontage of the plaintiffs' premises. Under those permits the dispatch company (the city's inspector supervising the work) dug the trench on the side of Fourth avenue, its westerly line being within two feet of the curb line. The excavated material, consisting of earth and stones, was thrown over and piled up on the space between the trench and the curb, thus completely choking and obstructing the gutter on Fourth avenue and the sewer culvert at the southwest corner of Eighteenth street and Fourth avenue. Under normal conditions, all the surface water of Fourth avenue between Union Square and Eighteenth street on the west side would run into this culvert, and find its way into the sewer. That culvert was at the lowest point, as the street was graded, in that neighborhood, and into it should have entered the drainage of a large street area. On the afternoon of November 1, 1897, a very heavy rainstorm began, and on the night of that day the plaintiffs' premises were invaded by water which had collected in the trench to a considerable depth. That accumulation of water might readily be found, on the facts proven, to have been caused, in part at least, by the obstruction of the gutter and culvert, and in part by the want of proper protection of the trench. The volume of water was so great that it washed away the earth in front of the retaining wall, or forced its way through it, and entered the cellar, with the consequences above stated.

Although it would be impossible to determine how much of the surface water would have found its way into the culvert had it and the gutter not been choked or obstructed in the way mentioned, the jury nevertheless could have found that a contributing cause of the inundation in the plaintiffs' cellar was the condition of the gutter and culvert. That the municipality is liable for neglect in permitting those conditions to exist is settled. Barton v. City of Syracuse, 36 N. Y. 54. It was decided in that case that in the construction of sewers, and keeping them in repair, municipal corporations act ministerially, and are bound to exercise needful diligence, prudence, and care; and the authorities in support of that rule are cited in the opinion of the court. The rule is not varied because some third party does

the act which results in the mischief, provided the city has actual no-tice or ·knowledge· of the existence of the obstruction, or a sufficient time has elapsed to justify the inference or imputation of notice. The proof shows that the gutter and culvert were in the condition com-plained of for two days or more. It is unnecessary to determine whether notice is to be implied in this case, because it was proven that an official of the city was in charge of this work, and that by the terms. of the permit it was being done under his supervision and direction. But we are not required to place the liability of the defendant upon the distinct ground of the condition· of the gutter and the culvert. The work connected with this trench was being done under a permit of the city, and under terms and conditions which gave it the control of essential details of the manner in which the work was to be per-formed. It has been frequently held that, where a municipal corpora-tion enters into a contract with a third party to do work, but reserves to itself the manner in which that work shall be done, it becomes liable for negligence in the performance of that work. Vogel v. City of New York, 92 N. Y. 10; Goldschmid v. City of New York, 14 App.. Div. 138, 43 N. Y. Supp. 447; White v. City of New York, 15 App. Div. 443, 44 N. Y. Supp. 454. The test of liability is whether the city has the control of the manner of doing the work, and in this case it· is obvious that it did have. It is altogether an ineffectual conten-tion that the purpose of the city's control was limited merely to the refilling of the trench and the repaving of the street. That is but an assumption here. What it retained and what it kept control of was the general supervision and direction of the whole work. The provisions of the permit are most distinct. The laying and construc-tion of the tubes were required to be in such a way as not to interfere with the water mains or surface connections, or with the sewers or house connections of the street. Work was to be carried on only in such places and for such distance in each street as the commissioner òf public works or his representative should, from time to time, desig-nate. All the work from the time the excavation was commenced to the time the pavement was relaid was to be under the supervision of inspectors, appointed by, and to receive their instructions from, the commissioner of public works. If any foreman, mechanic, or laborer was negligent in carrying out the instructions given by the authorized representative of the department of public works, he was forthwith to· be discharged, and not re-employed on the work without the consent of the commissioner of public works; and the company was required to give 48 hours' notice to the water purveyor of their desire to com-mence work at any point, and should not disturb the pavement, com-mence work, or deposit material anywhere, until the inspectors were on the ground to give the necessary instructions. Power was re-served to the commissioner of public works to revoke the permit in case of any violation of its terms and conditions, or of any laws of the state or ordinances of the city. The manner of performance of this work was, under the terms of the permit, within the control of the· municipality. In this case no protection was afforded against the ac-cumulation of the water in the trench, and its percolation through the soil into the plaintiffs' premises. The surface drainage from the

extensive street territory was cut off so that it could not reach its usual and appropriate outlet, and it was thus collected in the trench at the lowest point to which it would flow as the street was graded. We have, therefore, the case of a work authorized by the city, the manner of performance of which is in the control of the city; the fact that the trench was left open for two or three days; and the further fact that no safeguard or protection was afforded against the accumulation of the surface water at a point from which it was liable to be discharged or would find its way into and upon the premises of adjoining property owners.

The complaint was improperly dismissed. The exceptions must be sustained, and a new trial ordered, with costs to the plaintiffs to abide the event. All concur.