DIETZEL v. CITY OF NEW YORK.   (No. 7114.)

(Supreme Court, Appellate Division, First Department.   April 9, 1915.)

EMINENT DOMAIN ⬤⟲271—TRESPASS PENDING CONDEMNATION PROCEEDINGS.
   Where a city trespassed on plaintiff's land and built a sewer thereon, plaintiff cannot thereafter, pending condemnation proceedings, maintain an action and recover damages on the theory of a continuing trespass, but may only recover for the original trespass.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 725–736, 741; Dec. Dig. ⬤⟲271.]

Appeal from Special Term, Bronx County.

Action by Rosina Dietzel against the City of New York. From an order transferring the case for trial from the trial calendar to the Special Term calendar, defendant appeals. Order reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frank L. Polk, Corp. Counsel, of New York City (Terence Farley, of New York City, of counsel, and Toney A. Hardy and Leon N. Futter, both of New York City, on the brief), for appellant.

J. Homer Hildreth, of New York City (F. W. Hottenroth, of New York City, on the brief), for respondent.

CLARKE, J.   This action was commenced March 19, 1914, at common law, to recover damages for an alleged trespass upon plaintiff's property by the city's building a sewer thereon. Subsequently defendant's counsel called plaintiff's counsel's attention to the fact that only nominal damages could be obtained in such an action, and, after some delay, plaintiff moved to amend the complaint, and in the moving affidavit stated that:

   The "original complaint seeks to recover damage for the continuing trespass by the defendant upon the land of the plaintiff and for the permanent appropriation thereof by the defendant. That upon further examination of the authorities there appears some doubt as to whether on the complaint so drawn the plaintiff can recover in this action thus pleaded all the damage sustained by her, and it is possible that the plaintiff may thereafter be compelled to bring successive actions from time to time for the recovery of her damage caused by the defendant's trespass. That the trespass complained of is a continuous and permanent one, and is substantially an appropriation of plaintiff's property"

—and, upon leave granted, served an amended complaint in which relief was asked: (1) That the court ascertain and determine the amount of damage sustained by the plaintiff by reason of the acts of defendant hereinbefore set forth and described, and that plaintiff have judgment therefor against said defendant. (2) That the plaintiff have such judgment against the defendant for the amount of dam-

age sustained by her by reason of the aforesaid permanent occupation and appropriation of her lands or real property by the defendant upon the plaintiff executing and delivering to the defendant a deed with release of the said lands or real property thus appropriated and in possession by the defendant. She claimed to have suffered damage in the sum of $3,555.

To the amended complaint the city interposed an answer, which denied that plaintiff is possessed of and seised in fee simple absolute of said land, and averred that the fee-simple title became vested in it on December 29, 1914, through condemnation proceedings instituted and conducted according to law. On January 25, 1915, plaintiff moved to strike the case from the trial calendar and transfer it to the Special Term calendar. This motion was granted on February 8, 1915, by the order appealed from.

The city claims upon this record, it appearing that the title had vested in the city, there can be no equitable relief, because the plaintiff cannot give a deed with a release, that she has solely a common-law action for damages for the original trespass, that the value of the fee must be determined in the condemnation proceedings now pending, and therefore it was improper to remove the case from the trial calendar to the Special Term calendar. The present status of the title is set up in the answer and in plaintiff's affidavit, so there is no dispute of fact. It seems to me that all that the plaintiff can recover in this suit is damages for the trespass. Such an action is triable by jury. There is no support in the case for the ordinary equitable action for a continuing trespass.

The case should have remained on the trial calendar, and the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied. All concur.