## DIETZEL v. CITY OF NEW YORK.

(Supreme Court. Appellate Division, First Department. December 30, 1915.)

EMINENT DOMAIN ⊜⟶303—TRESPASS TO REALTY—MEASURE OF DAMAGES.

Where a trespass by defendant city in building a sewer across plaintiff's land was permanent, the measure of damages was the difference in the value of the property with and without the sewer, as the whole damage was done when the trespass occurred; and plaintiff could not recover double damages thereafter because the commissioners in a subsequent condemnation proceeding might award her the whole value of her land, unimpaired by the existence of the sewer, as the trespass had been completed when the title vested in the defendant city, so as to depreciate the value of the property for which damages were to awarded by the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 815–817; Dec. Dig. ⊜⟶303.]

Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Rosina Dietzel against the City of New York. From judgment in favor of plaintiff, entered upon a verdict, and from an order denying a motion for a new trial, defendant appeals. Judgment and order affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles J. Nehrbas, of New York City, for appellant.
J. Homer Hildreth, of New York City, for respondent.

SCOTT, J. This is an action for damages for trespass. Dietzel v. City of New York, 167 App. Div. 223, 152 N. Y. Supp. 640.

The trespass consisted of building a sewer on and across a plot of land owned by defendant. This trespass commenced in April, 1912, and the sewer had remained as constructed down to the time of trial. It is not contended that the occupation is otherwise than permanent. In fact, it is alleged in the answer that on December 29, 1914, the city acquired by condemnation proceedings title in fee to the strip of land occupied by the sewer. This defense was disallowed by the trial court, but the fact is referred to, as one of the facts in the case, in the briefs of both parties.

The question of law in the case upon which defendant-appellant relies for a reversal is as to the measure of damages applied by the trial court. The plaintiff proved by two witnesses what was the value of her plot before the construction of the sewer, and its value after, and the court charged the jury that the only question before them was the amount of the damage and that the measure of damages was "the difference in the value of the property with and without the sewer." To this defendant duly excepted, and rested its case upon the exception, offering no testimony as to the amount of damage.

The defendant rests upon the proposition that all that may be recovered in an action at law for damages caused by a trespass is the damage which has been suffered down to the date of the commence-

ment of the trial, the plaintiff being entitled to successive actions if the trespass is continued. That such is the general rule is not to be doubted. Uline v. N. Y. Cent. & H. R. R. R. Co., 101 N. Y. 98, 4 N. E. 536, 54 Am. Rep. 661; Pappenheim v. Met. El. Ry. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486. A different rule has been applied, however, in cases where the trespass was of a permanent character and the whole damage was done when the trespass occurred. In Argotsinger v. Vines, 82 N. Y. 309, the trespass consisted in going upon plaintiff's land and cutting the timber thereon. The trial court ruled that the plaintiff might recover the difference in the value of the farm with the timber on and the value after it was cut. This ruling was sustained by the Court of Appeals, the opinion saying:

"In an action to recover damages for an injury done to the inheritance, it is held that it is competent for a witness to give his opinion as to the value of the farm with the timber on and the value after it was taken off."

The same rule as to the measure of damages has also been approved by the Court of Appeals in cases in which the trespass resulted in the destruction of shade and fruit trees. Dwight v. E., C. & N. R. R. Co., 132 N. Y. 199, 30 N. E. 398, 15 L. R. A. 612, 28 Am. St. Rep. 563; Evans v. Keystone Gas Co., 148 N. Y. 112, 42 N. E. 513, 30 L. R. A. 651, 51 Am. St. Rep. 681. A case closely analogous in principle to the present was Goldschmid v. Mayor, etc., 14 App. Div. 135, 43 N. Y. Supp. 447. In that case the city of New York, in regulating and grading a street, had erected a retaining wall along the whole front of plaintiff's property which abutted upon the street. This wall was so badly constructed that it encroached upon plaintiff's land. He sued for the trespass and was awarded for damages the depreciation in the value of his lot resulting from the encroachment. This court expressly approved of the adoption of this measure of damages, saying:

"Where one has trespassed upon the lands of another, and the encroachment is practically a permanent one, as is the case here, the rule of damage is the difference between the value of the property before the trespass was committed and afterwards (citing Argotsinger v. Vines, supra), or, as it has been otherwise expressed, the measure of damage is the 'depreciation in the value of the property.'"

Each of the cases above cited was, like the present, an action at law for damages, and the distinguishing feature of the trespass in each case, as in this, was the permanent character of the trespass. In view of these circumstances, it is interesting and instructive to note that in some, at least, of the leading cases which have stated the rule now contended for by plaintiff, it has been given as a reason for not permitting permanent damages to be recovered that it was not to be assumed that defendants would persist in the trespass. Vide Uline v. N. Y. Cent. & H. R. R. R. Co., supra; Pappenheim v. Met. El. Ry. Co., supra.

The defendant-appellant expresses an apprehension that the plaintiff may recover double damages if this judgment be affirmed, because the commissioners in condemnation (who have not yet reported) may award her the whole value of her land unimpaired by the existence of the sewer. This apprehension rests upon no solid foundation. The

value to be awarded by the commissioners should be, and doubtless will be, the value of the land at the date on which title vested in the city. On that date the trespass had been completed; the sewer constructed and the value of the plot permanently depreciated thereby. The value of the land on that date will therefore be its value as thus depreciated, and that will doubtless be the basis upon which compensation will be awarded.

The judgment and order appealed from should be affirmed, with costs. Order filed.

CLARKE, J., concurs.

LAUGHLIN, J. (concurring). If unconstrained by controlling precedent, I would vote for reversal; but the decision of this court in Goldschmid v. Mayor, etc., 14 App. Div. 135, 43 N. Y. Supp. 447, requires an affirmance, and I therefore vote for affirmance.

McLAUGHLIN, J. (dissenting). The damages here awarded are upon the theory that the city of New York, by its trespass upon the plaintiff's property, obtained an interest therein. Otherwise, I take it no one would contend that the measure of damages adopted was the correct one. A trespass committed upon real estate is a wrong, and the person committing such wrong cannot thereby obtain title to or interest in such real estate. I therefore dissent.

INGRAHAM, P. J., concurs.